UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CAPSHAW,

    Plaintiff,                                          Case No. 12-cv-11366

v.                                                  HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**
(document no. 20), **GRANTING PLAINTIFF'S MOTION TO REMAND** (document no. 13), **DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** (document no. 17), **AND REMANDING CASE**

    The Social Security Administration ("SSA") denied Plaintiff and claimant Michael Capshaw's application for supplemental security income in a decision issued by Administrative Law Judge ("ALJ") Andrew Sloss on June 15, 2010. *See* ALJ Decision, ECF No. 8-3, at 13. After the SSA Appeals Council declined to review the decision, Capshaw appealed to this Court. The Court referred the matter to a United States Magistrate Judge, and the parties filed cross motions for summary judgment. On August 9, 2013, the magistrate judge issued a Report and Recommendation ("Report") suggesting the Court grant Capshaw's motion and deny the Commissioner of Social Security's ("Commissioner") motion. Report, ECF No. 20.

    In the Report, the magistrate judge noted that Capshaw was forty-one years old during the most recent administrative hearing, with past relevant employment positions as machinst, electrician, janitor, and landscaper. *Id.* at 3. When considering Capshaw's application, the ALJ found that Capshaw suffered from degenerative disc disease and pelvic pain, and that the conditions were severe. But, when applying the five-step disability

analysis, the ALJ found that the conditions did not meet or equal a listing in the social security regulations, and that Capshaw retained the residual functional capacity to perform sedentary work, limited to only occasionally climbing, balancing, stooping, crouching, kneeling, or crawling. Consequently, the ALJ found that Capshaw could perform his past relevant work as a process coordinator / machinst. *Id.* (citing ALJ Decision at 7).

In his motion to remand, Capshaw's primary challenge to the ALJ's decision was a failure by the ALJ to properly consider or take into account Capshaw's interstitial cystitis under Social Security Ruling 02-2P. *Id.* at 4 (citing Mot. to Remand at 3). Capshaw argued the ALJ overall did not incorporate the limitations of interstitial cystitis, and challenged several of the ALJ's specific findings regarding his residual function capacity as either unsupported or inconsistent with a diagnosis of interstitial cystitis. The Commissioner's motion, in turn, argues that the ALJ did consider Capshaw's interstitial cystitis and acknowledged it was a severe impairment, but after considering the diagnosis, as well as Capshaw's own testimony and other record evidence, concluded that Capshaw's claimed limitations were not fully consistent with the other medical evidence. Consequently, the Commissioner argues that substantial evidence supported the ALJ's ultimate residual function capacity formulation.

After examining the motions and the administrative record, the Magistrate Judge concluded that the ALJ's failure to adequately examine or analyze Capshaw's interstitial cystitis and accompanying symptoms, and their effect on Capshaw's entitlement to benefits, meant the ALJ's decision was not supported by substantial evidence. *Id.* at 31 (citing *Labanderia v. Astrue*, 2010 WL 1963426, *1 (S.D. Ohio May 17, 2010) (decisionmaker must consider impact of interstitial cystitis when formulating residual

2

function capacity)). The Report identified several findings the ALJ made that demonstrated lack of adequate examination of Capshaw's interstitial cystitis. First, the ALJ did not actually discuss or address the Social Security Administration's policies towards diagnosed interstitial cystitis as laid out in SSR 02-2p. While not reversible error itself, the Report concluded this failure was illustrative of the rest of the decision. *Id.* (citing *Chavis v. Astrue*, 2012 WL 2711277, at *23 (S.D. Ohio July 9, 2012)).

Second, and crucially, the Magistrate Judge's Report noted the ALJ's decision did not include any testimony, records, or other evidence of a treating physician speaking to Capshaw's functional limitations based on his interstitial cystitis. Although the ALJ incorporated the reports of a pain management specialist, urologist, primary care physician, and others, none of those medical professionals offered opinions relevant to the interstitial systitis. Because an ALJ is not permitted to "interpret raw medical data in functional terms," *id.* at 33 (quoting *Desking v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)), the Report concluded the ALJ impermissibly interpreted Capshaw's raw medical data regarding the interstitial cystitis without the expertise "of a physician who presents competent evidence." *Id.* at 34 (quoting *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985). And third, the Report suggested that the ALJ's conclusion that Capshaw's condition underwent "improvement" after an Interstim surgery, based on statements made in May 2010, were out of context and did not identify the base level of functionality from which Capshaw was improving, or what Capshaw's functional limitations actually were, before or after the surgery. *Id.* at 36. Accordingly, the Report suggested granting Capshaw's motion for remand and remanding the case to the ALJ.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Because neither the plaintiff nor defendant filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, grant Capshaw's motion to remand, deny the Commissioner's motion for summary judgment, and remand the case for proceedings not inconsistent with this opinion.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Capshaw's motion to remand (document no. 13) is **GRANTED**. This matter is **REMANDED** to the Commissioner for proceedings not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (document no. 20) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 17) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 30, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 30, 2013, by electronic and/or ordinary mail.

                                                        s/Carol Cohron
                                                       Case Manager